UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER J. DIRIG,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>RON NEAL, GORDON, and McNEAL,<br>　　　　　　Defendants. | CAUSE NO.: 3:19-CV-68-RLM-MGG |

OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, began this lawsuit by filing a document titled, "Emergency Injunction Imminent Danger." He didn't pay the filing fee or seek leave to proceed in forma pauperis. Mr. Dirig is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). Dirig v. Stewart, 17-1414 (7th Cir. filed February 24, 2017) order dated June 8, 2017, ECF 13. This is commonly known as the "Three Strikes Rule" and an inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). To meet the imminent danger standard, the threat complained of must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Dirig is trying to sue two defendants for punitive and compensatory damages based on events that occurred on January 24 and 25, 2019. He alleges inmates set fires because there wasn't enough heat in the prison. He alleges the

fires created choking smoke which wasn't promptly cleared and he was denied immediate medical attention. Despite the title of his document, he doesn't ask for injunctive relief; nor has he plausibly alleged he is now in imminent danger of serious physical injury.

Mr. Dirig filed this lawsuit knowing very well he was struck out because he has been notified eighteen times in little more than two years.[1] The court of appeals requires litigants who are restrained by § 1915(g) to be restricted when they attempt to "bamboozle" the court.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999).

Mr. Dirig didn't file an in forma pauperis motion in this case, but he is still effectively trying to "bamboozle" the court. This is the second time Mr. Dirig has

---

[1] Mr. Dirig was first notified in an order dated January 23, 2017. *Dirig v. Stewart*, 1:16-CV-2812 (S.D. Ind. filed October 17, 2016) ECF 22. He was subsequently notified at least seventeen more times. *See id.* ECF 39, 50, and 52; *Dirig v. GEO/New Castle Corr. Fac.*, 1:17-CV-70 (S.D. Ind. filed January 9, 2017) ECF 4; *Dirig v. GEO/New Castle Corr. Fac.*, 1:17-CV-229 (S.D. Ind. filed January 23, 2017) ECF 3 and 9; *Dirig v. Stewart*, 17-1414 (7th Cir. filed February 24, 2017) ECF 13; *Dirig v. Wexford of Indiana*, 1:17-CV-2165 (S.D. Ind. filed June 22, 2017) ECF 5 and 22; *Dirig v. Knight*, 1:17-CV-2195 (S.D. Ind. filed June 26, 2017) ECF 3, 5, and 11; *Dirig v. State of Indiana*, 3:18-CV-356 (N.D. Ind. filed May 14, 2018) ECF 4 and 50; and *Dirig v. Neal*, 3:18-CV-851 (N.D. Ind. filed October 17, 2018) ECF 2, 5, and 14.

filed a lawsuit falsely asserting he is in imminent danger. *See* Dirig v. State of Indiana, 3:18-CV-356 (N.D. Ind. filed May 14, 2018) ECF 50. It's also the third case he has filed since being told he was subject to § 1915(g) which was dismissed because he was not in imminent danger. *See id.* and Dirig v. Knight, 1:17-CV-2195 (S.D. Ind. filed June 26, 2017) ECF 3 (filed without any allegation of imminent danger).

Therefore, this case will be dismissed, the filing fee assessed, and Mr. Dirig restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." Support Sys. Int'l v. Mack, 45 F.3d 185, 186 (7th Cir. 1995). This restriction doesn't apply to papers submitted in Dirig v. Neal, 3:18-CV-851 (N.D. Ind. filed October 17, 2018) in which he has been granted leave to proceed on a claim based on being in imminent danger.

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) ORDERS the plaintiff, Christopher J. Dirig, IDOC # 157156, to pay (and the facility having custody of him to automatically remit) to the clerk 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(3) DIRECTS the clerk to create a ledger for receipt of these funds;

(4) DIRECTS the clerk to return, unfiled, any papers filed in any case by or on behalf of Christopher J. Dirig – except for a notice of appeal or unless filed in a criminal case, habeas corpus proceeding, or *Dirig v. Neal*, 3:18-CV-851 (N.D. Ind. filed October 17, 2018) – until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) DIRECTS the clerk to ensure a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on February 8, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT